Filed 12/21/15  In re A.L. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re A.L. et al., Persons Coming Under the Juvenile Court Law. | B264205 (Los Angeles County Super. Ct. No. CK93844) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>A.L., Sr.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen C. Marpet, Juvenile Court Referee.  Affirmed.

Lori Nicole Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, Interim County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Tracey F. Dodds, Principal Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \*

Father A.L., Sr., appeals from the juvenile court's order of April 8, 2015, denying his Welfare and Institutions Code section 388[1] petition without a hearing. His three children were detained because of his and the children's mother's domestic violence, drug abuse and consequent physical abuse and extreme neglect. After six months of reunification services, father had made no progress. The juvenile court terminated reunification services and set a section 366.26 hearing to select a permanent plan. Over 19 months later, from prison, father submitted a section 388 petition saying he had completed parenting, substance abuse counseling and other classes while incarcerated and seeking an additional six months of reunification services. The juvenile court denied the petition without a hearing. We conclude the juvenile court did not abuse its discretion in finding there was not a sufficient change of circumstances to justify a hearing. We affirm the order.

## BACKGROUND

Father was on active parole for possession of narcotics when the children were detained in June 2012. Police discovered father had left the children alone, along with their two half siblings, in an extremely filthy apartment. He was arrested for child endangerment. Father has an extensive criminal record dating back to 2002, including numerous drug offenses, driving with a suspended license, possession of a dangerous weapon, possession of burglary tools, and carrying a concealed dirk or dagger.

Father and mother did not attend the mediation scheduled before adjudication. The Los Angeles County Department of Children and Family Services (Department) later learned that father was incarcerated. After his release from custody, he was transient. Eight months after the children had been detained, mother was incarcerated for possession of rock cocaine, and father was again arrested on outstanding warrants. The juvenile court declared the children dependents at the adjudication hearing held March 7, 2013, and ordered reunification services for both parents.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

Six months later, neither parent had made any progress in court-ordered services. Father had enrolled in parenting classes but only attended four, and his visitation with the children, who were placed with paternal grandmother, was sporadic. On August 7, 2013, the juvenile court terminated reunification services.

Paternal grandmother told the Department in November 2013 that she was overwhelmed caring for the children and would not be able to become their legal guardian. On August 8, 2014, they were moved from her home and placed in a prospective adoptive home with a family described in father's opening brief as "other paternal relatives." By December 3, 2014, the Department reported the children had adjusted well to their prospective adoptive family, called their caregivers "mom" and "dad," and were bonded with them.

The last reference in the record to father seeking any contact with the children is in the Department's December 3, 2014 status report. Father had not visited the children since they were removed from the home of paternal grandmother on August 8, 2014. Father contacted the social worker to request a monitored visit, and the caregiver agreed to monitor a visit on September 6, 2014. But father did not show up for the visit nor contact the caregiver or social worker in advance to let them know he was unable to be there.

At the section 366.26 hearing on February 10, 2015, the juvenile court's minutes reflect the juvenile court was aware that father was incarcerated in San Bernardino County but could not get him removed from custody to appear in court. Father was still incarcerated when his counsel filed a Judicial Council JV-180 form Request to Change Court Order (section 388 petition) on April 2, 2015, seeking six months of reunification services. The only facts alleged in support of the requested order were these: "Although the father's out of county incarceration has thwarted visitation, the father has completed the following programs while incarcerated at Glen Helen Rehabilitation Center: parenting, Substance Abuse, Trauma Recovery and Life Skills." Further, the petition stated, "The children have a relationship with their father and would benefit from being

3

reared together in his care." There was no declaration or other evidence stating when father was most recently incarcerated, for what offense, or for what term of incarceration.

The juvenile court denied the section 388 petition, finding it did not state new evidence or a change of circumstances, and the proposed change of order did not promote the best interests of the children.

## DISCUSSION

"Section 388 permits '[a]ny parent or other person having an interest in a child who is a dependent child of the juvenile court' to petition 'for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court' on grounds of 'change of circumstance or new evidence.' (§ 388, subd. (a).)" (*In re Lesly G.* (2008) 162 Cal.App.4th 904, 912.) A parent must "establish[] by a preponderance of the evidence that (1) new or changed circumstances exist, and (2) the proposed change would promote the best interest of the child. [Citation.] The parent bears the burden to show both a ' "legitimate change of circumstances" ' and that undoing the prior order would be in the best interest of the child. [Citation.]" (*In re S.J.* (2008) 167 Cal.App.4th 953, 959.)

" ' "Since the interest of a parent in the companionship, care, custody, and management of his [or her] children is a compelling one, ranked among the most basic of civil rights [citations], the state, before depriving a parent of this interest, must afford him [or her] adequate notice and an opportunity to be heard. [Citations.]" ' [Citation.] [¶] . . . When a parent makes a prima facie showing of changed circumstances under section 388, he or she has a due process right to a full and fair hearing on the merits. [Citation.] . . . [Citation.] However, a parent's right to due process is 'limited by the need to balance the "interest in regaining custody of the minors against the state's desire to conclude dependency matters expeditiously . . . ." ' [Citation.] Accordingly, in dependency proceedings, '[t]he court must control all proceedings with a view to quickly and effectively ascertain[] the jurisdictional facts and all information relevant to the present condition and welfare of the child.' [Citation.]" (*In re Hunter W.* (2011) 200 Cal.App.4th 1454, 1463-1464.)

4

" '[I]f the liberally construed allegations of the petition do not make a prima facie showing of changed circumstances and that the proposed change would promote the best interests of the child, the court need not order a hearing on the petition. [Citations.] . . . .' [Citation.] [¶] The appellate court ' "will not disturb [a] decision unless the trial court has exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination [citations]." ' [Citation.]" (*In re Mary G.* (2007) 151 Cal.App.4th 184, 205.)

Manifestly, the juvenile court did not abuse its discretion. Father's eleventh hour section 388 petition did not demonstrate there were any new or changed circumstances. He was once again incarcerated. The certificates of completion of various classes he attended while in custody in December 2014 and January 2015, which were attached to the petition, are insufficient to make the required prima facie showing that father could care for his children. Nor was there a shred of evidence that it was in the best interests of the children to provide father with six more months of reunification services. The children were removed from father's custody in June 2012. In the nearly three years between the removal of the children and the filing of the section 388 petition, father was in and out of custody, transient when not in custody, and only sporadically visited the children. The petition did not even advise the juvenile court when father would be released from custody and able to receive reunification services. Father had not seen his children in the previous eight months; he only asked to see them once during that time, and then did not show up for the visit. The children were well adjusted in a prospective adoptive home.

## DISPOSITION

The order denying the section 388 petition without a hearing is affirmed.


GRIMES, J.


WE CONCUR:


BIGELOW, P. J.                    FLIER, J.


5